NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES CANNIZZARO, | Civil Action No. 17-5931 (SRC) |
| Plaintiff, | **OPINION** |
| v. | |
| RIMROB CORP., et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for summary judgment filed by Defendant United States of America. Plaintiff James Cannizzaro has opposed the motion. Defendants RIMROB Corp. and Garden of Eden have taken no position on the motion. The Court has reviewed the papers filed by the parties. It proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Government's motion for summary judgment will be granted in its entirety.

**I.    BACKGROUND**

This premises liability case arises out of a slip-and-fall accident sustained by Plaintiff on January 26, 2016 while visiting the post office operated by the United States Postal Service ("USPS") at 12-44 River Road in Fair Lawn, New Jersey ("Fair Lawn Post Office"). On that date, Cannizzaro arrived at the Fair Lawn Post Office, parked his car in the parking lot, and walked up a ramp from the parking lot into the post office building. After completing his

1

business inside the Fair Lawn Post Office, Cannizzaro exited the building and walked down the same ramp he had used to enter. He slipped and fell on ice at the bottom of the ramp, where the ramp meets the blacktop surface of the parking lot.

Thereafter, a USPS employee, John Maricich, exited the post office building. Maricich observed Cannizzaro laying on the ground and retrieved a blanket for him. Maricich called the police, and medical help arrived. After Cannizzaro was taken from the scene by ambulance, Maricich put salt down in the area where Cannizzaro had fallen.

The building housing the Fair Lawn Post Office and the property on which it is located, including the building's exterior entrance ramp and the parking lot was at all relevant times, owned by RIMROB Corporation. (The building, exterior ramp, and parking lot will hereinafter be referred to collectively as the "Premises.") The USPS occupied the Fair Lawn Post Office building pursuant to a lease first entered into with RIMROB in 1976 and, in relevant part, renewed on August 29, 2013 for a five-year term (the "Lease"). The Lease provides that RIMROB bears the obligation for snow and ice removal from the Premises. The Lease's "Utilities, Services & Equipment Rider" states as follows:

> The Landlord (RIMROB) agrees to furnish and pay for the timely removal of snow and ice from the roof and the sidewalks, driveway, parking and maneuvering areas, and any other areas providing access to the postal facility for use by postal employees, contractors, or the public (including but not limited to, stairs, handicap access ramps, carrier ramps, etc.) during the continuance of the Lease.

(Kuruvilla Decl., Ex. B, Utilities, Services & Equipment Rider at ¶ 8.) The Lease also contains a "Maintenance Rider." It provides that RIMROB is responsible for the maintenance of "all common or joint use interior and exterior areas . . ." and further provides that RIMROB must "take all other proper precautions to protect the health and safety of . . . the public." (Id., Maintenance Rider at ¶¶ 13, 14.)

RIMROB's owner, Charles Wrubel, testified at his deposition that RIMROB and a landscaping company Garden of Eden entered into an oral agreement for Garden of Eden to perform ice and snow remediation of the Premises. According to Wrubel, the terms of the oral agreement required Garden of Eden to plow the Premises, remove ice and snow, and apply salt, including in the parking lot of the Premises and at the entrance ramp to the post office building. Additionally, Wrubel testified that Garden of Eden was responsible for initiating the snow and ice remediation, without having to be directed by RIMROB, and in that regard, was further responsible for keeping track of weather conditions and for monitoring the Premises for ongoing or recurrent ice and snow conditions. Wrubel estimates that RIMROB and Garden of Eden had initially entered into this ongoing agreement about seven years before the incident in question. It is uncontested that the USPS was not a party to the agreement between RIMROB and Garden of Eden.

Plaintiff initiated this lawsuit to recover for the injuries he sustained in the January 26, 2016 slip-and-fall on the Premises. The action, filed on August 8, 2017 in the United States District Court for the District of New Jersey, asserts negligence claims against three Defendants: the United States, RIMROB and Garden of Eden. RIMROB and Garden of Eden have filed crossclaims against the United States for indemnification and contribution.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the negligence claim against the United States arises under the Federal Tort Claims Act. It has supplemental jurisdiction over Plaintiff's state law negligence claims against RIMROB and Garden of Eden. See 28 U.S.C. § 1367(a).

## II. DISCUSSION

### A. Summary Judgment Standard

The United States of America brings this motion pursuant to Federal Rule of Civil Procedure 56(a) seeking summary judgment on all claims asserted against it in this action. In evaluating this motion, the Court applies the well-established legal standard for summary judgment.

Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (construing the similarly worded Rule 56(c), predecessor to the current summary judgment standard set forth in Rule 56(a)). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). It may not make credibility determinations or engage in any weighing of the evidence. Anderson, 477 U.S. at 255; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (holding same).

Once the moving party has satisfied its initial burden, the nonmoving party must establish the existence of a genuine issue as to a material fact in order to defeat the motion. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). To create a genuine issue of material fact, the nonmoving party must come forward with sufficient evidence to allow a jury to find in its favor at trial. Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir.

2001), overruled on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs, 134 S. Ct. 773 (2014). The party opposing a motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment").

## B. Claim Under the Federal Tort Claims Act

Plaintiff's negligence action against the United States is governed by the Federal Tort Claims Act ("FTCA"). The FTCA "operates as a limited waiver" of the sovereign immunity of the United States. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Under the FTCA, the United States may be liable only "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. § 1346(b). Of significance to the case at bar, the waiver of sovereign immunity carved out by the statute does not extend to the acts or omissions of a contractor with the United States. 28 U.S.C. § 2671; United States v. Orleans, 425 U.S. 807, 813-14 (1976) (holding that the statutory waiver expressly excludes independent contractors, as 28 U.S.C. § 2671 "defines Government employees to include officers and 'any federal agency' but excludes 'any contractor with the United States.'"). In other words, under the FTCA's "independent contractor exemption," the United States cannot be liable—indeed, is immune

from liability—for injuries caused by the tortious conduct of a person or entity with which the United States (or one of its agencies) enters into contract. Orleans, 425, U.S. 814.

The instant motion for summary judgment filed by the United States invokes the independent contractor exemption. The United States argues that the record incontrovertibly demonstrates that responsibility for keeping the Premises free of snow and ice, including, specifically, the area where Plaintiff fell, was not on the USPS but on the lessor of the Premises, RIMROB, and/or its subcontractor, Garden of Eden. The United States further argues that RIMROB and Garden of Eden meet the definition of independent contractor, within the meaning of the FTCA, because the evidence further demonstrates that the USPS did not control or direct the activities of either RIMROB or Garden of Eden with regard to removing snow and ice from the parking lot, entrance ramp to the Fair Lawn Post Office building, or any other area of the Premises.

The United States is correct. Following Supreme Court precedent, the Third Circuit has held that, for purposes of applying the FTCA's independent contractor exemption, "[t]he critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power 'to control the detailed physical performance of the contractor.'" Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997) (quoting Orleans, 425 U.S. at 814); see also Logue v. United States, 412 U.S. 521, 527-28 (1973) (holding that the "critical factor" in determining whether an entity is a "contractor with the United States" under the FTCA's exemption from the limited waiver is the authority of the Government's "to control the detailed physical performance of the contractor."). Accordingly, in Norman, the Third Circuit affirmed dismissal of an FTCA negligence claim arising from a slip-and-fall on water and ice in a federal courthouse building. Norman, 111 F.3d at 357. It reasoned that the independent contractor

exemption applied because the government's contractor "was given broad responsibilities for daily maintenance" of the building. Id.

      Likewise, in this case, responsibility for maintenance of the Premises in safe condition for public use, including, specifically, the obligation to perform ice and snow removal was assumed by RIMROB in its Lease agreement with the USPS. Indeed, under the Lease, RIMROB expressly and specifically assumed responsibility for snow and ice removal at the exact location where Plaintiff alleges he fell, that is, at the bottom of the entrance ramp where the ramp meets the blacktop parking lot. RIMROB, in turn, subcontracted with Garden of Eden for performance of the snow and ice removal. Additionally, there is no indication that the USPS had any involvement at all in directing or supervising snow and/or ice removal of the Premises. To the extent Plaintiff's injuries result from any negligence, they cannot be attributed to the USPS or its employees but rather to an independent contractor. In short, the acts or omissions of RIMROB, or any entity to which it subcontracted its obligations, cannot form the basis of liability against the United States, pursuant to the FTCA's independent contractor exemption. Orleans, 425 U.S. at 814-15; Norman, 111 F.3d at 357; see also Courts v. United States, No. 15-7303 (MLC), 2016 U.S. Dist LEXIS 115268, at *13-14 (D.N.J. Aug. 29, 2016) (holding the United States was immune from suit in a slip-and-fall case under the independent contractor exemption where the lease agreement between the government agency and private building owner placed responsibility for cleaning and maintaining floors on the building owner and the record was devoid of evidence that the government agency supervised the day-to-day operations of the landlord or its janitorial services subcontractor); Richardson v. Phila. Auth. for Indus. Dev., No. 03-2980, 2004 U.S. Dist. LEXIS 13679, at *12-13 (E.D. Pa. July 16, 2004) (granting summary judgment in a slip-and-fall action in favor of the United States based on sovereign immunity,

finding that the FTCA's independent contractor exception applied where the contractor was responsible for clearing snow and ice from the sidewalk where the plaintiff fell.).

In his opposition brief, Plaintiff concedes that the United States is "immune from the negligence of co-defendants" (Op. Br. at 4) but argues that summary judgment must nevertheless be denied because there are genuine issues of fact which indicate that the accident may have occurred due to the actions of the USPS itself. Plaintiff relies on the deposition testimony of USPS employee John Maricich, in which he stated that, while it is his understanding that Garden of Eden is responsible for clearing the snow, Maricich himself places rock salt at the back entrance the building, designated for employees only, for the added protection of the USPS employees. Plaintiff points out that Maricich admitted that he did not apply rock salt to the front, public entrance of the building, that is, the site of the Plaintiff's accident. Plaintiff argues that this testimony creates a genuine issue of fact as to the negligence of the United States. He maintains that because a USPS employee applied rock salt to the rear entrance of the Fair Lawn Post Office building on occasions prior to Plaintiff's accident, the USPS, undertook the duty to perform the same remedial task to the front entrance, where Plaintiff fell. He further maintains that the admitted failure to apply salt and/or remove the icy condition at the location of the accident could reasonably support a finding of liability against the USPS for Plaintiff's injuries.

Plaintiff's argument is unavailing. The FTCA subjects the United States to liability only to the extent a private person would be liable under the substantive of the state where the complained-of misconduct occurred, in this case New Jersey. New Jersey negligence law requires that a plaintiff establish a duty of care owed by a defendant to the plaintiff, breach of the duty, and proximate cause. Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 745 (3d Cir. 1990) (citing Brown v. Racquet Club of Bricktown, 95 N.J. 280 (1984)). As set forth at length above,

8

the record lacks any evidence that the USPS had a duty to maintain the Premises, and particularly the location where Plaintiff fell, free from snow and ice. Plaintiff correctly cites the legal principle that when a defendant voluntarily undertakes the performance of an act, such as snow removal or application of rock salt to melt ice, and fails to exercise due care in performing such an act, the defendant will be liable for harm resulting from the lack of care. See Johnson v. Souza, 71 N.J. Super. 240, 242-43 (App. Div. 1961) (citing Restatement, Torts, § 325, p. 881 (1934) and Bauer v. 141-149 Cedar Lane Holding Co., 24 N.J. 139, 147 (1957)). However, the evidence demonstrates that USPS employee Maricich salted only the back, employees-only entrance of the Fair Lawn Post Office building, not the front entrance area where Plaintiff fell. There is no evidence upon which a factfinder could conclude that the USPS voluntarily cleared the area of Plaintiff's egress from the Post Office building and failed to exercise due care in doing so. Insofar as Plaintiff argues that having voluntarily taken action to remediate the icy condition of one portion of the Premises, the USPS assume a general duty for the entire Premises, or at the very least, a duty of care as to a completely different area, Plaintiff's argument fails for lack of any legal authority supporting this proposition.

The sole case cited by Plaintiff, Johnson v. Souza, is completely inapposite. Johnson concerned a plaintiff who was a social guest at the defendant's home. Johnson, 71 N.J. Super. at 241. The Johnson plaintiff had advised the defendant that the exterior steps to the home were slippery, was then told by the defendant that salt would be applied to the steps, and later slipped on those same steps when leaving the home. Id. at 241-42. Based on that record, the appellate court in Johnson found that there was a triable fact issue as to whether the plaintiff had reasonably relied on the defendant's representation that the hazardous condition would be remediated before the plaintiff left the home. Id. at 242-43. Neither the holding nor the facts of

Johnson support Plaintiff's proposition that taking a remedial action in one portion of the Premises created a duty of care by the USPS to Plaintiff as to a completely different location on the Premises.

In short, insofar as Plaintiff's negligence claim may be based on the acts or omissions of a USPS employee, no genuine issue of fact exists. It is clear that the United States did not owe a duty of care to Plaintiff. Additionally, for the reasons discussed, the United States cannot be sued for the acts or omissions of an independent contractor in maintain the Premises free of snow and ice. The United States is therefore entitled to summary judgment on Plaintiff's claims.

### C. Crossclaims for Indemnification and Contribution

The United States is also entitled to summary judgment on the crossclaims of RIMROB and Garden of Eden for indemnification and contribution. "Indemnification is available under New Jersey law in two situations: when a contract explicitly provides for indemnification or when a special legal relationship between the parties creates an implied right to indemnification." Allied Corp. v. Frola, 730 F. Supp. 626, 639 (D.N.J. 1990). The United States demonstrates in its motion that neither situation applies here, with respect to RIMROB or Garden of Eden. The Lease between RIMROB and the USPS does not contain an indemnification provision, and the lessor-lessee relationship between these parties does not give rise to implied indemnification in light of the Lease terms placing full responsibility for snow and ice removal on RIMROB. Moreover, there is no dispute that Garden of Eden and the USPS did not have either a contractual relationship or a "special legal relationship" that would warrant an implied right of indemnification. As to the contribution crossclaims, the United States correctly points out that such a claim permits recovery only against a "joint tortfeasor" or a party that has acted negligently. See N.J.S.A. §§ 2A:53A-3 & 2A:15-5.1. For the reasons discussed above, the

United States owed no duty to Plaintiff concerning his premises liability claim, and it cannot, as a matter of law, be liable for the alleged negligence.

The United States has discharged its burden, under Federal Rule of Civil Procedure 56(a), of demonstrating that there is no genuine issue of fact as to the crossclaims. The parties asserting those claims have failed to oppose the motion. Therefore, the Court will also grant summary judgment in favor of the United States on the crossclaims for contribution and indemnification.

### D. Plaintiff's Negligence Claims Against RIMROB and Garden of Eden

The Court's grant of summary judgment on all claims against Defendant United States will dispose of the claims on which the Court's original jurisdiction is based. The claims for negligence against Defendants RIMROB and Garden of Eden arise only under state law and provide no independent basis for federal jurisdiction. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." The Supreme Court has held that once federal claims are dismissed, a federal court should "hesitate to exercise jurisdiction over state claims," unless circumstances justify this exercise. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1504 (3d Cir.1996) ("once all federal claims have been dropped from a case, the case simply does not belong in federal court."). This Court concludes that because Plaintiff's remaining claims seek relief only under state law, the federal district court's continuing exercise of jurisdiction would not be appropriate. Therefore, in its discretion, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the claims against RIMROB and Garden of Eden. The Court will accordingly dismiss the claims

without prejudice, so that they may be re-filed in the Superior Court of New Jersey, within the thirty-day time period provided by 28 U.S.C. § 1367(d).

### III. CONCLUSION

For the reasons discussed, the United States has demonstrated that it is immune from liability under the FTCA's independent contractor exemption. Moreover, no reasonable factfinder could conclude that Plaintiff's injury occurred as a result of the negligence of the United States, as there is no evidence that it owed Plaintiff a duty of care. Accordingly, the Court will grant the motion by the United States for summary judgment on all claims and crossclaims asserted against it in this action. The remaining state law claims will be dismissed without prejudice. An appropriate Order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: April 9, 2019